**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

U.S. BANK NATIONAL
ASSOCIATION, as Trustee Relating
to Chevy Chase Funding LLC
Mortgage Backed Certificates Series
2006-2

      Plaintiff,

v.                                                    Case No:  2:16-cv-733-FtM-99CM

CHRISTOPHER J. SARARO,
UNKNOWN SPOUSE OF
CHRISTOPHER J. SARARO,
ALFREDO J. SARARO, III ,
UNKNOWN SPOUSE OF
ALFREDO J. SARARO, III,
GRANDE EXCELSIOR AT THE
GRANDE PRESERVE
CONDOMINIUM ASSOCIATION,
INC., THE DUNES OF NAPLES
PROPERTY OWNERS
ASSOCIATION, INC., GRANDE
PRESERVE AT THE DUNES
COMMUNITY ASSOCIATION,
INC., CHICAGO TITLE
INSURANCE COMPANY, PNC
BANK, N.A., UNITED STATES OF
AMERICA DEPARTMENT OF
TREASURY, UNITED STATES
ATTORNEY, PARTIES IN
POSSESSION UNKNOWN
TENANT'35;1 and PARTIES IN
POSSESSION UNKNOWN
TENANT '35;2,

      Defendants.

_____

**ORDER**

This matter comes before the Court upon review of Plaintiff's Motion for Default by the Clerk (Doc. 62) filed on December 6, 2016. Plaintiff seeks clerk's entry of default against Defendant Alfredo J. Sararo, III ("Sararo"). Doc. 62. On September 26, 2016, Plaintiff filed a Complaint against thirteen defendants, including Sararo ("Complaint"). Doc. 1. On October 12, 2016, Plaintiff filed a Return of Service as to Sararo. Doc. 38. On October 19, 2016, United States District Judge John E. Steele dismissed without prejudice the Complaint for lack of subject matter jurisdiction and ordered Plaintiff to file an Amended Complaint. Doc. 43 at 5. On October 25, 2016, Plaintiff filed an Amended Complaint against thirteen defendants, including Sararo ("Amended Complaint"). Doc. 46. Plaintiff states that Plaintiff served a copy of the Amended Complaint on Sararo via U.S. mail on October 27, 2016 and also filed a Certificate of Mailing that alleges Plaintiff's service by mail. Docs. 47, 62 at 2.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must

first determine whether Plaintiff properly effected service of process.   *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A).   The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."   Fed. R. Civ. P. 4(e)(2)(A),(B).

Here, the Return of Service states that on October 4, 2016, a process server for ATA Process, LLC personally delivered a true copy of the Summons in a Civil Action, Proof of Service, Notice of Lis Pendens, Verified Complaint for Foreclosure, Parties, Jurisdiction, and Venue, Verification, Exhibits A, B, C, D, E., Mortgage, Allonge to Promissory Note, Notice of Default and Notice of Intent to Foreclose, Fair Debt Collection Practices Act, Return Label, Warranty Deed, and Civil Cover Sheet, County Where Claim for Relief Arose to Alfredo J. Sararo, III, an inmate at the Charlotte County Jail, at 26601 Airport Road, Punta Gorda, FL 33982.   Doc. 38. Affidavits by process servers constitute a prima facie showing that defendants have been served.   *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).

Service of process therefore was properly effected under Rule 4(e) of the Federal Rules of Civil Procedure.   *Daughtry v. Williams*, No. 2:12-cv-307-FtM-99SPC, 2012 WL 2872885, at *1 (M.D. Fla., July 12, 2012) (holding that personally delivering a copy of the summons, pleadings, and motions filed in the action to the defendant incarcerated at the county jail constitutes effective service under the Federal Rules of Civil Procedure).

Plaintiff also properly served a copy of the Amended Complaint on Sararo by mailing it to Sararo on October 27, 2016.   Doc. 62 at 2.   Rule 5(a)(1)(B) states that a pleading filed after the original complaint must be served on every party unless ordered otherwise by the Court.   Fed. R. Civ. P. 5(a)(1)(B).   Under Rule 5(b), a party may serve an amended complaint by mailing it to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C).   Service under Rule 5(b) applies when the amended complaint does not assert new claims for relief.   *Amarelis v. Notter Sch. Of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014).   Here, the Amended Complaint does not allege new claims or claims against new parties.   Docs. 1, 45.   The Complaint and the Amended Complaint allege Counts One of Foreclosure, Two of Equitable Lien, and Three of Breach of Note against the same thirteen defendants.   Docs. 1, 46.   As a result, Plaintiff is permitted to serve a copy of the Amended Complaint on Sararo by mailing it to Sararo's last known address.   *See Amarelis*, 2014 WL 5454387, at *3; Doc. 47.

Pursuant to Rule 12(a)(1)(A), Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and

complaint.   Sararo has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Default by the Clerk (Doc. 62) is **GRANTED.**   The Clerk is directed to enter a Clerk's Default against Defendant Alfredo J. Sararo, III.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record

Alfredo J. Sararo III *pro se*
180081 Lagos Way
Naples, FL 34110