UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

U.S. BANK NATIONAL
ASSOCIATION, as Trustee Relating
to Chevy Chase Funding LLC
Mortgage Backed Certificates Series
2006-2

       Plaintiff,

v.                                              Case No: 2:16-cv-733-FtM-99CM

CHRISTOPHER J. SARARO,
ALFREDO J. SARARO, III ,
UNKNOWN SPOUSE OF
ALFREDO J. SARARO, III,
GRANDE EXCELSIOR AT THE
GRANDE PRESERVE
CONDOMINIUM ASSOCIATION,
INC., THE DUNES OF NAPLES
PROPERTY OWNERS
ASSOCIATION, INC., GRANDE
PRESERVE AT THE DUNES
COMMUNITY ASSOCIATION,
INC., CHICAGO TITLE
INSURANCE COMPANY, PNC
BANK, N.A., UNITED STATES OF
AMERICA DEPARTMENT OF
TREASURY, UNITED STATES
ATTORNEY, PARTIES IN
POSSESSION UNKNOWN
TENANT'35;1, PARTIES IN
POSSESSION UNKNOWN
TENANT '35;2 and SUMMER
PARHAM SARARO,

       Defendants.

                                      **ORDER**

This matter comes before the Court upon review of Plaintiff's Second Motion for Default as to Defendant, PNC Bank, N.A. (Doc. 93) filed on May 5, 2017. Plaintiff seeks a Clerk's entry of default as to Defendant PNC Bank, N.A., Successor by Merger to National City Bank ("PNC Bank"). Doc. 93. Plaintiff attached an Amended Affidavit of Process Server to the present motion. Doc. 93-1.

On September 26, 2016, Plaintiff filed a Verified Complaint for Foreclosure ("Complaint"). Doc. 1. On October 19, 2016, Senior United States District Judge John E. Steele dismissed the Complaint for lack of subject-matter jurisdiction and directed Plaintiff to file an amended complaint. Doc. 43. On October 25, 2016, Plaintiff filed an Amended Verified Complaint for Foreclosure ("Amended Complaint") against various defendants including PNC Bank. Doc. 46.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation or other unincorporated association can be made by any manner accepted in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 655.0201(2) of the Florida Statutes outlines service of process on a financial institution and states: "A financial institution authorized by federal or state law to transact business in this state may designate with the Department of State a place or registered agent located within the state as the financial institution's sole location or agent for service of process, notice, levy, or demand." Fla. Stat. § 655.0201(2). If a financial institution has no registered agent or service cannot be made in accordance with the above section, then "service may be made to any officer, director, or business agent of the financial institution at its principal place of business or at any other branch, office, or place of business in the state." Fla. Stat. § 655.0201(3).

Here, the Amended Affidavit of Process Server states that on September 27, 2016, a process server for ATA Process, LLC delivered a true copy of the Summons, Notice of Lis Pendens, and the Complaint with Exhibits A, B, C, D, E to Noel Arteaga, a "universal banker" and authorized employee for PNC Bank, at 1915 N. Dale Mabry Highway, Tampa, FL 33607. Doc. 93-1. According to the affidavit, Arteaga represented to the process server that he is an authorized employee/representative of PNC Bank and is authorized to accept service of process on behalf of PNC Bank. *Id.* Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie

evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Furthermore, Plaintiff states that it properly served PNC Bank under section 655.0201(3) of the Florida Statutes because PNC Bank does not have any registered agent in Florida, and Arteaga is an authorized business agent of the financial institution at a branch located in Florida. Doc. 93 at 3. As a result, the Court finds that service of process was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure.

In addition, Plaintiff properly served the Amended Complaint upon PNC Bank. Docs. 47 at 2; 93 at 2. Rule 5(a)(1)(B) states that a pleading filed after the original complaint must be served on every party unless ordered otherwise by the Court. Fed. R. Civ. P. 5(a)(1)(B). Under Rule 5(b), a party may serve an amended complaint by mailing it to the person's last known address. Fed. R. Civ. P. 5(b)(2)(C). Service under Rule 5(b) is allowed when the amended complaint does not assert new claims for relief. *Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54-Orl-31KRS, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014). Here, the Amended Complaint does not allege new claims or claims against new parties. Docs. 1, 46. The Complaint and the Amended Complaint allege Counts One of Foreclosure, Two of Equitable Lien, and Three of Breach of Note against the same thirteen defendants. Docs. 1, 46. As a result, Plaintiff is permitted to serve a copy of the Amended Complaint on PNC Bank by mailing it to PNC Bank's last known address. *See Amarelis*, 2014 WL 5454387, at *3; Docs. 47 at 2, 93 at 2.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. PNC Bank has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Second Motion for Default as to Defendant, PNC Bank, N.A. (Doc. 93) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Defendant PNC Bank, N.A., Successor by Merger to National City Bank.

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of May, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record